STEPHANIE AMES, California State Bar Number 195608
LAW OFFICE OF STEPHANIE AMES
12100 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Tel: (310) 739-5952
Tel: (310) 881-1289

Attorney for Defendant,
BIRGILIO FLORES

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARREDONDO-SANCHEZ,  et al.,<br><br>BIRGILIO FLORES - 7<br><br>Defendant. | Case No.:  2:14-cr-00267-MWF-7<br><br>**DEFENDANT'S POSITION REGARDING SENTENCING FACTORS**<br><br>The Honorable Michael W. Fitzgerald |

Defendant Birgilio Flores (hereinafter "Flores" or "Defendant"), by and through his attorney of record, Stephanie Ames, hereby files Defendant's Position Regarding Sentencing Factors prior to the sentencing hearing set for October 26, 2015 at 2:30 p.m. before the Honorable Michael W. Fitzgerald. This position is based upon this memorandum, the points and authorities in support thereof, the pleadings and other papers filed in this case and on such other oral and documentary evidence that may be presented at hearing.

Executed this 22th day of October, 2015.

Respectfully submitted,
By_____/s/_____
STEPHANIE AMES, Esq.
Attorney for Defendant
Birgilio Flores

MEMORANDUM OF POINTS AND AUTHORITIES

I.

INTRODUCTION AND STATEMENT OF THE CASE

In the above referenced matter, Defendant Birgilio Flores was charged in count one of a five count indictment.  On May 13, 2014 he made his initial appearance in the Eastern District of California on the out of district warrant and was released on bond May 16, 2014.  He made his first appearance in this district on June 6, 2014 as ordered.  He has been on release to pre-trial services for over a year while this matter has been pending and he has remained in compliance with the terms and conditions of his release during that time.  (See Presentence Investigation Report, "PSR" at page 4 paragraph 5).

On May 28, 2015 Defendant entered a plea of guilty to the lesser included offense of conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841 (a)(1), and 841 (b)(1)(C).   In support of the plea, Defendant admitted that:

> On December 18, 2011, defendant using, coded language in a telephone conversation, asked a methamphetamine supplier in Los Angeles (the "Co-Conspirator") for the price the Co-Conspirator was charging for a pound of methamphetamine, in response to which the Co-Conspirator told the defendant that the Co-Conspirator was charging $8,500 per pound.

> On February 3, 2012, using coded language in a telephone conversation, defendant contacted the Co-Conspirator and asked how long it would take for the Co-Conspirator to get methamphetamine to defendant's contact, and told the Co-Conspirator that if the Co-Conspirator did not work fast enough, defendant's Contact would go to another source.

> On February 3, 2012, defendant, using coded language in a telephone conversation, talked to the Co-Conspirator about how long it would take for one of the Co-Conspirator's methamphetamine deliveries to get to defendant's contact.

(Plea Agreement of Birgilio Flores at Docket Number 178).

Pursuant to the plea agreement the parties agreed that the base offense level was twenty-eight pursuant to United States Sentencing Guidelines ("USSG") section 2D1.1(c)(4).  The government agreed to move to dismiss the information filed against defendant pursuant to Title 21 United States Code, Section 851 at the time of sentencing.  The parties reserved the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate and reserved the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553 (a).  The charge to which Defendant pleaded guilty carries a statutory maximum sentence of 20 years and no mandatory minimum.

II.

OBJECTIONS TO THE PRE-SENTENCE REPORT

Defendant's only substantive objection is the PSR's failure to provide any decrease for defendant's role in the offense.  Section 3B1.2 provides a two level decrease if the defendant was a minor participant in the criminal activity.   Application Note 3A recognizes that this section of the Guidelines "provides a range of adjustment for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  Id.  Pursuant to 3B1.1 a "participant" is defined as a person who is criminally responsible for the commission of the offense, but need not have been convicted.  A reduction under 3B1.2 does not require that a defendant lack knowledge or understanding of the scope and structure of the enterprise.  Such lack of knowledge merely is indicative of a role as minimal participant.  *See* Application note 4 to 3B1.2.

The totality of the circumstances and facts of this case support a two level reduction for Flores as a minor participant.  As is evidenced in the indictment and the statement of facts in support of the plea, Defendant merely used the telephone to request the price of drugs from the distributer on behalf of another and requested an estimated time when the distributer could get drugs to another.  Such activity is minor in relation to the production, storing, delivery and sales of drugs by the conspiracy.

Defendant would disagree with the government's contention that Defendant is more culpable than co-defendants Anaya and Yucupicio.  Defendant Yucupicio  maintained drugs at her residence and distributed those drugs to others at the directions of higher-up members.  Purchasers came to her home to conduct the transactions.  Such activity is more involved and more culpable than mere telephone calls. Defendant Anaya, likewise actually possessed and distributed the drugs on behalf of the conspiracy.

Defendant agrees with the government's contention that his conduct is similar to that of Miguel Flores.  Defendant, like co-defendant Miguel Flores, agreed to act as a liaison between a Southern California-based methamphetamine supplier and a drug distributor in Fresno.  (CR 109 at 5-6).  Like co-defendant Miguel Flores, Defendant also asked a Southern California supplier to quote prices for a pound of methamphetamine.  Defendant's additional recorded conversation wherein he asked the supplier how long it would take to get the drug to the purchaser and that if it was not fast enough then the purchaser would go to someone else is not so significant that it should place Defendant's culpability higher than that of Miguel Flores.  Co-defendant Michael Flores admitted to criminal conduct almost identical to that of Defendant.  In co-defendant Michael Flores's plea agreement he admitted that "On March 1, 2012 using coded language in a telephone conversation, defendant talked to a Southern California-based methamphetamine supplier (the "Supplier") about acquiring a new provision of the drug.  On March 1, 2012, using coded language in a telephone conversation, the Supplier told defendant that  the Supplier could sell a pound of methamphetamine in exchange for $9,500.00  On March 1, 2012,

using coded language in a telephone conversation, defendant told the Supplier that the Supplier would be paid in cash for a new drug supply.  (CR 109 at pages 5-6).  Ultimately both defendants were acting as go-between's, relaying messages from one co-conspirator to another.  Courts have upheld reduction for minor role for individuals who act as "steerers or facilitators" in a drug transaction.  *See* United States v. Durham, 139 F. 3d 1325 (10th Cir., 1998)  (affirming three level mitigating role reduction where defendant's role was limited to facilitating sales).  In the matter of United States v. Williams the United States District Court for the Eastern District of Wisconsin granted a two level reduction for minor participant for the defendant due to the fact that his role of facilitating the drug distribution between buyer and seller was less significant that the actions of others.  In doing so, the district court noted that the Defendant merely engaged in arranging the connection through telephone calls and did not handle drugs or buy money.  United States v. Williams, 302 F. Supp. 2d 945 (E.D. Wisc. 2004).

In this case, like co-defendant Miguel Flores, Defendant merely talked to the supplier on the telephone to request a quote and attempt to put him in contact with a potential purchaser.  Defendant did not store the drugs; he did not handle the drugs; he did not arrange or negotiate the price; he did not handle buy money.  Accordingly, his conduct is substantially less culpable than the average participant.  The government also accurately notes that co-defendant Miguel Flores's criminal history is arguably worse than that of Defendant Birgilio Flores as Miguel was convicted of a drug trafficking offense as recent as December 2005, as well as two other felony convictions in 2006 and 2007 for property offenses.  The government filed notices on both Defendants pursuant to 21 U.S.C. § 851.   In this case the criminal conduct and criminal histories of Defendant Birgilio and Miguel Flores are substantially similar and support consistent sentences between the two.

III.

ARGUMENT

Birgilio Flores is respectfully requesting that this Court consider a sentence of six months detention, as sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2), of 18 U.S.C. 3553 –

 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide  just punishment for the offense;

 (B) to afford adequate deterrence to criminal conduct;

 (C) to protect the public from further crimes of the defendant; and

 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Id.

This sentence is consistent with that of co-defendant Miguel Flores who was similarly culpable and who arguably has a more serious criminal history.  Further, Defendant's personal characteristics show that a longer sentence is not necessary to afford adequate deterrence to his criminal conduct or protect the public from further crimes.  Mr. Flores is 54 years old.  He has a history of gainful employment and has been employed as a farm laborer by Paul Singh consistently since April 2014.  His work ethic is noted in the PSR by his employer who states that he is a hard worker who works six days per week and sometimes seven averaging about 10 hours of work per day.  This is particularly noteworthy given his medical condition of diabetes, high blood pressure and chronic back pain.  Residence for himself and his wife is provided by his employer as part of his compensation which will be lost if he is incarcerated for a more significant period of time.   This employment and living arrangement occurred after the offense in this case which dates back to early 2012. He has been married to the same woman for thirty years and although he does not have any biological children, he has raised

his wife's children as his own.  He has shown himself to be "a supportive and loving parent . . . and an involved grandfather.  He is described as being his wife's "rock," as a person who is "very dedicated to the family, and has helped the extended family through very difficult times."

In this case a guidelines sentence is far more significant than is warranted when evaluating the sentencing factors of 18 U.S.C. 3553.  Under the advisory guideline sentencing system created by *United States v. Booker*, 543 U.S. 220, 261-2633 (2005), a sentence within the guidelines range is not per se reasonable, and therefore lawful.  "Rather, the reasonableness of the sentence is informed by all of the §3553 (a) factors, including the Guideline range."  *United States v. Plouffe*, 445 F.3d 1126, 1130 (9th Cir. 2006), as amended.  "A sentence that is within the Guidelines range may be unreasonable and thus imposed in violation of the law pursuant to §3742 (a)(1). *Id.,* at 4761- 4762.

Defendant Flores's criminal conduct in this offense as well as his personal characteristics strongly support a sentence below the guidelines and more specifically support a sentence of six months.

CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court sentence him to a period of six months incarceration.  If the Court deems additional punishment necessary, Defendant respectfully requests consideration of home detention or community confinement.  Defendant has shown that he can and will comply with terms and conditions of supervision and is willing to remain on such supervision for the full three years allowed by statutes.

Respectfully submitted,

Dated: October 22, 2015                    /s/ Stephanie Ames

Attorney for Defendant
Birgilio Flores

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.  I am over the age of eighteen and not a party to this litigation.  My business address is 12100 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On October 2, 2014 I served the foregoing document, Defendant's Sentencing Memorandum**,** on the interested parties to this action:

[]      (BY PERSONAL SERVICE). I delivered such envelope by hand to counsel for the parties as set forth below:

[XX]    (BY E-MAIL)  I placed a true and correct copy of the above document in an envelope, postage prepaid, first-class to the address below:

Alexis Denise Rodriguez
United States Probation Office
Alexis_Rodriguez@cacd.uscourts.gov

[]      (BY EXPRESS MAIL COURIER)  I placed a true and correct copy of the above document in an envelope, postage prepaid, and deposited the envelope in a box regularly maintained by the courier for overnight delivery:

[]      (BY TELECOPIER TRANSMISSION)  I transmitted said document via telecopier transmission (FAX) to counsel for the party set forth above.

[XX]    (State)  I declare under penalty of perjury pursuant to the laws of the State of California that the above is true and correct.


_____Stephanie Ames _____          _____/s/ Stephanie Ames_____
                                                                              Signature